UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:12-CV-1176-GKS-DAB

KRISTIN J. HILTON,

    Plaintiff,

vs.

POLLACK & ROSEN, P.A.,
JOSEPH F. ROSEN, MARK E.
POLLACK, JOEL D. LUCOFF,
MELANIE WESEMAN, and
BRIAN BILODEAU,

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE

Defendants, POLLACK & ROSEN, P.A., JOSEPH F. ROSEN, and MARK E. POLLACK, JOEL D. LUCOFF, and MELANIE WESEMAN by and through their undersigned counsel, pursuant to F.R.C.P. 12(b)(1) and (6) and Local Rule 3.01, respectfully move this Court to dismiss this action with prejudice for failure to state a claim upon which relief can be granted and for lack of subject-matter jurisdiction.  In support thereof, Defendants state as follows:

    1.    Plaintiff filed this action on August 16, 2012, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692, et seq., and the Florida Consumer Collection Practices Act ("FCCPA"), §§559.55-559.785, Fla. Stat., claiming that the Defendants falsely misrepresented the character, amount, or legal status of a debt; that the Defendants used deceptive means to collect a debt; did not validate a debt; and attempted to enforce a debt that the Defendants knew was not legitimate.  Plaintiff then amended her Complaint twice.

    2.    Plaintiff's Complaint fails to state a claim upon which relief can be granted as there are insufficient facts to support the Plaintiff's claim that any of the Defendants violated either the

FDCPA or FCCPA. In addition, Defendants Joseph F. Rosen and Mark E. Pollack are merely principals of Defendant, Pollack & Rosen, P.A. (P&R). Principals of a corporate entity are not usually liable merely because they are officers. Also, Plaintiff has plead a Florida state cause of action. Federal courts have limited subject-matter jurisdiction and under certain exceptions only does a federal court have subject-matter jurisdiction. In this matter, there is no basis for this Court to exercise subject-matter jurisdiction over the Plaintiff's state law claim.

## MEMORANDUM OF LAW

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." F.R.C.P. 12(b)(6). A court may grant a motion to dismiss if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974, 550 U.S. 544, 570-71 (2007) (abrogating "no set of facts" standard set forth in Conley v. Gibson, 78 S.Ct. 99, 101-02, 355 U.S. 41, 45-46 (1957)). In making this determination, the Court must "accept the allegations in the complaint as true and must accept the allegations in the light most favorable to the plaintiff." Linder v. Portocarrero, 963 D.2d 332, 334 (11th Cir. 1992). However, the Court should ignore those allegations that contain no more than opinions or legal conclusions. *See* South Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 409 n.10 (11th Cir. 1996); Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182 (11th Cir. 2002).

## FCCPA - Supplemental Jurisdiction

The Plaintiff, in paragraph 1 of her Complaint states that "[t]his [C]ourt has jurisdiction under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. 15.U.S.C. §1692k(d) states that a United States District Court has jurisdiction of an action to enforce the FDCPA regardless of the amount in controversy. 28 U.S.C. §1331 states that a United States District Court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

The FCCPA is neither a law nor treaty of the United States. As the Complaint presently sits, this Court does not have subject-matter jurisdiction over Count II of Plaintiff's Complaint.

### FDCPA and FCCPA - Consumer Debt

The Plaintiff has alleged violations of the FDCPA and FCCPA by all Defendants. The FDCPA, however, is not applicable as it governs the collection of debts that arise from transactions incurred for personal, family, or household purposes. 15 U.S.C. §1692a(5). No such allegation has been made. A claim can only be brought under the FDCPA where the debt to be collected by the Defendant is for personal, family, or household purposes. Ehlrich v. Rapid Recovery Solutions, 680 F.Supp.2d 443, 445 (E.D.N.Y. 2010).

### FDCPA, FCCPA - Legal Conclusions

The central premise of Plaintiff's Complaint that the Defendants are liable is that the Plaintiff's are debt collectors as defined by the FDCPA, 15 U.S.C. §1692a(6) and FCCPA, Fla. Stat. §559.55(6), violated four (4) sections of the FDCPA 15 U.S.C. §§1692e(2), 1692e(10), 1692f(1), and 1692g(b), and Fla. Stat. §559.72(9).

Plaintiff has merely parroted the language of the above-mentioned statutes. There is not one single fact supporting a violation of any of the aforementioned statutes. In fact, in paragraph 12 of Plaintiff's Second Amended Complaint (D.E. 24), she admits that one of the Defendants responded to her dispute letter. Because Count I of Plaintiff's Second Amended Complaint is based on nothing but bare legal conclusions, it fails to state any cognizable claim for relief and should be dismissed.

While Fed. R. Civ. P. 8(a)(2) requires that a pleading stating a claim contain "a short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff is required to state "enough facts to state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Valley Forge Ins. Co. v. Olem Shoe Corp., 11-cv-20626, 2011 WL 3652561 *1 (S.D. Fla. Aug. 19, 2011). When a plaintiff "ha[s] not nudged [her] claim across the line from

conceivable to plausible, [his] complaint must be dismissed." Grosharev v. Wilson's Ltd., Inc., 3:08-CV-1219-J-MCR, 2010 WL 2136434 (M.D. Fla. 2010) (quoting Twombly, 550 U.S. at 570).

Further, while detailed allegations are not required, a pleading "'that offers labels 'and conclusions" or a formulaic recitation of the elements of a cause of action will not do.'" Valley Forge Ins. Co., 2011 WL 3652561 *1. "While factual averments are to be accepted as true, conclusory allegations, unwarranted deductions, or legal conclusions masquerading as facts are not." Anderson v. Benton, 09-CV-14119, 2009 WL 2005268 *2 (S.D. Fla. July 9, 2009).

Plaintiff has merely alleged the legal conclusion that all Defendants are debt collectors without providing any supporting facts demonstrating that they each engage in a business the principal purpose of which is the collection of debts. "[T]his allegation by itself [is] insufficient to state a claim for relief under the FDCPA." Swain v.CACH, LLC, 699 F.Supp.2d 1109, 1112 (N.D. Calif. 2009).

In addition, Plaintiff claims that she sent a dispute letter to Defendant, P&R (D.E. 12, ¶11). No copy of this dispute letter is attached to Plaintiff's Second Amended Complaint. Plaintiff then states that "[d]efendant mailed a letter to the Plaintiff dated December 29, 2011[,] which stated, in part, 'a debt collector is not required to provide any of the documents you requested....'" Nowhere does the Plaintiff specify which Defendant mailed the aforementioned letter to the Plaintiff. In addition, under the FDCPA, no documents, other than a copy of a final judgment entered against the debtor, are required to be provided to a debtor that disputes a debt. Clark v. Capital Collection & Credit Services, Inc., 460 F.3d 1162, 1173-74 (9th Cir. 2006) citing (Azar v. Hayter, 874 F.Supp. 1314, 1317 (N.D.Fla.), aff'd, 66 F.3d 342 (11th Cir.1995)). It should be noted that this letter was not attached to Plaintiff's Complaint (D.E. 1) or Amended Complaint (D.E. 11) and is not attached to her Second Amended Complaint (D.E. 24).

Furthermore, the same arguments for dismissal of Plaintiff's FDCPA claim also apply to her FCCPA claim. There is no allegation that this is a consumer debt. There are no facts supporting the Plaintiff's claim that the Defendants are debt collectors only legal conclusions. There are no facts supporting Plaintiff's claim that the Defendants violated Fla. Stat. §559.72(9).

In addition, unlike 15 U.S.C. §1692g(a), there is no requirement under the FCCPA, 559.55 et seq., of a written notice (commonly referred to as the "g-notice") being sent to a consumer.

## CONCLUSION

For the foregoing reasons, Counts I and II of Plaintiff's Second Amended Complaint should be dismissed.

Respectfully submitted,

Brian Bilodeau
*Attorney for Defendant*
Fla. Bar No. 632635
800 Douglas Rd., Suite 450
Coral Gables, FL 33134-3189
Tel:    305-448-0006
Fax:    305-569-0101
joell@pollackrosen.com


By:    s/Brian Bilodeau
          BRIAN BILODEAU

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:12-CV-1176-GKS-DAB

KRISTIN J. HILTON,

    Plaintiff,

vs.

POLLACK & ROSEN, P.A.,
JOSEPH F. ROSEN, MARK E.
POLLACK, JOEL D. LUCOFF,
MELANIE WESEMAN, and
BRIAN BILODEAU,

    Defendants.
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 4, 2012, I filed the foregoing document with the Clerk of Court. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        s/ Brian Bilodeau
        BRIAN BILODEAU, ESQ.
        Fla. Bar No. 632635

## SERVICE LIST

Kristin J. Hilton
106 Clear Lake Cir.
Sanford, FL 32773
Tel:   321-377-5525
hiltonkristin@yahoo.com

Via transmission of Notices of Electronic Filing generated by CM/ECF and direct email to the Defendant.