FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2013 JAN -3 PM 1:08

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

KRISTIN J. HILTON
*Plaintiff,*

vs

POLLACK & ROSEN, P.A.
JOSEPH F. ROSEN, FBN 308781
MARK E. POLLACK, FBN 175422
MELANIE WESEMAN, FBN 506451
JOEL D. LUCOFF, FBN 192163
BRIAN BILODEAU, FBN 632635
*Defendants,*

Case No. 6:12-cv-1176

Judge: G. KENDALL SHARP

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF THIS COURT:

The Plaintiff, Kristin J. Hilton, asks the court to deny Defendant's Motion to Dismiss and states as follows:

### INTRODUCTION

1. Plaintiff is Kristin J. Hilton; Defendants are POLLACK & ROSEN, P.A., Joseph F. Rosen, Mark E. Pollack, Melanie Weseman, Joel D. Lucoff, and Brian Bilodeau, hereinafter Defendants.

2. Plaintiff filed suit against Defendants for violations of the FDCPA and FCCPA on July 31, 2012, though Defendant's Counsel states August 16, 2012 in their Motion to Dismiss (*See* Docket #1).

3. Plaintiff amended her complaint on October 2, 2012 to include Defendant Melanie Weseman, but did not alter the complaint in any other way (*See* Docket #11).

4. Plaintiff Motioned the Court for Leave to Amend on October 12, 2012 (*See* Docket #14) to include Defendant's Joel D. Lucoff and Brian Bilodeau, and again did not alter the complaint.

5. Court signed an order granting Plaintiff Leave to Amend on October 30, 2012 (*See* Docket #23).

6. Defendants filed a Motion to Dismiss in this case on December 4, 2012 pursuant to F.R.C.P. 12(b)(1) and (6) and Local Rule 3.01 (*See* Docket #30).

7. Plaintiff filed a Notice with the court on December 20, 2012 and a Motion to Strike Defendant's Motion to Dismiss on December 21, 2012, putting the court on notice that Defendants failed to properly serve the Plaintiff, via U.S. Mail, pursuant to F.R.C.P. 5(b)2(c) (*See* Docket #'s 34 and 35).

8. Plaintiff was properly served with a Motion to Dismiss via U.S. mail on December 26, 2012, postmarked December 21, 2012.

9. Plaintiff now files her response asking the Court to deny Defendants' Motion.

## STANDARD OF REVIEW

10. F.R.C.P 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests," *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not

need detailed factual allegations," *Id.* at 555. "[We] do not require heightened fact pleadings of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

11. The complaint must only include "sufficient factual allegations to provide the grounds on which the claim rests," *Friends of Lake View School District v. Beebe*, 578 F. 3d 753, 762 (8th Cir. 2009). While "mere labels and conclusions" will not satisfy a Plaintiff's burden, there is no need for detailed factual allegation or specific facts that describe the evidence to be presented. *Id.* A Plaintiff satisfies their burden if they allege facts sufficient to allow a Court to infer "more than the mere possibility of misconduct," *Ashcroft v. Iqbal*, 129 W. Ct. 1937, 1950 (2009).

12. Well-pleaded allegations of fact and every inference fairly deducible therefrom are accepted as true for purposes of a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[A] well-pleaded complaint may procced even if it strikes a saavy Judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely," *Twombly*, 550 U.S. at 556.

13. "When considering Defendant's Motion, the Court must construe the factual allegations in the complaint in the light most favorable to the Plaintiff." *In re Stac Elects. Sec. Litig.*, 89 F. 3d 1399, 1403 (9th Cir. 1996); *Jones v. General Elec. Co.*, 87 F. 3d 209, 211 (7th Cir. 1996). Only if no possible construction of the alleged facts will entitle Plaintiff to relief should the Court grant Defendant's motion. *Hishon v. King & Spaulding*, 467 U.S. 69, 73,104 S. Ct. 2229, 2232 (1984). If factual allegations in Plaintiff's complaint support any legal theory that entitles Plaintiff to some relief, the Court should overrule

Defendant's motion.

## ARGUMENTS

14. In Defendants Motion to Dismiss, Counsel for the Defendants states as follows, "Defendants Joseph F. Rosen and Mark E. Pollack are merely principals of Defendant, Pollack & Rosen, P.A.(P&R). Principals of a corporate entity are usually liable merely because they are officers." However, Congress likely intended the statute's plain meaning to apply to debt collector Defendants, and the statute's plain meaning does not distinguish between corporations and corporate employees. *Newman v Checkrite Cal., Inc.* 912 F. Supp. 1354, 1372 (E.D. Cal 1995): *Teng v. Metro. Retail Recovery Inc.* 851 S. Supp 61, 67 (E.D. N.Y. 1994). The fact that Congress forbids the personal liability of officers and employees of creditors, while not expressly precluding personal liability for officers and employees of debt collectors, suggests that Congress intended to include employees and officers of a debt collection company within the meaning of "debt collector." Further debt collector attorneys are considered to be debt collectors under the FDCPA.

15. Defendants alleges that "this court does not have subject-matter jurisdiction over Count II of Plaintiff's complaint." Plaintiff has inadvertently left out of her complaint that the court has supplemental jurisdiction over Count II according to 28 U.S.C 1367(a) which states in part "...in any civil action of which the District Courts have original jurisdiction, the District Courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or

controversy..." Plaintiff asks this Court for leave to amend this oversight if the Court should rule in favor of the Defendants on this issue.

16. Defendants state that the "Plaintiff has merely alleged the legal conclusion that all Defendant's are debt collectors without providing any supporting facts..." and that "A claim can only be brought under the FDCPA where the debt to be collected by the Defendant is for personal, family, or household purposes." The definitions used in paragraphs 17 and 18 of the Plaintiff's second amended complaint allege that the Plaintiff is a "consumer" under 1692 a(3) and that the Defendants are "debt collectors" under 1692 a(6), and the record fails to show otherwise with Defendants failure to file any verified fact evidence or statement from a competent fact witness to controvert Plaintiff's complaint.

17. Defendants further suggest that "under the FDCPA, no documents, other than a copy of a final judgment entered against the debtor, are required to be provided to a debtor that disputes a debt, and the Defendants site *Clark v. Capital Collection & Credit Services, Inc.*, 460 F. 3d 342 (11th Cir. 1995). In this case the attorney sent Clark an itemized doctor bill when asked for Validation of the debt, in this instance the Defendants did not provide the Plaintiff with what she requested. Validation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account. See *GE Capital Hawaii, Inc. v. Yonenaka* 25 P. 3d 807, 96, Hawaii 32, (Hawaii App 2001), *Fooks v. Norwich Housing Authority* 28 Conn. L. Rptr. 371, (Conn. Super. 2000), and *Solon v. Godbole*, 163 Ill. App. 3d 845, 114 Ill. Dec. 890, 516 N.E. 2d 1045 (3Dist. 1987). The Defendants failed to comply with Plaintiff's demands

for validation under 15 USC 1692g of the alleged debt they were attempting to collect and continued their collection activities by suing Plaintiff in state court in blatant violation of Federal Law. A debt collector verifies a debt by providing information that is responsive to the consumer's request. *See* H.R. Rep. No 31, 95th Cong., 1st Sess. 5 1977. At no time did P&R, or any of the Defendants, properly validate the alleged debt as demanded by Plaintiff and required by federal consumer protection law.

18. The arguments, made on various occasions throughout the Defendants' Motion to Dismiss, that Plaintiff has not provided all evidence material to the allegations made in the complaint is ridiculous. Such evidence is to be presented at trial or obtainable during reasonable discovery and is not required to be annexed to the Complaint. Plaintiff again states " F.R.C.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," (emphasis added) in order to "give the Defendant fair notice of what the…claim is and grounds upon which it rests." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

## CONCLUSION

18. Because Defendants FAILED to validate the alleged debt after written validation requested by Plaintiff under 15 USC 1692g, and all Defendants have made efforts or actions to collect on this alleged debt without proper validation and there is a failure of authenticated fact evidence on the record that the alleged debt exists, Defendants Motion to Dismiss should be DENIED.

WHEREFORE, because the Defendants have not shown that Plaintiff has failed to state a claim upon which relief may be granted, Plaintiff respectfully requests this Court deny the Defendants' Motion to Dismiss and allow Plaintiff's claim to move forward to trial on the merits. In the alternative, if the Court determines Plaintiffs claim contains any deficiencies, Plaintiff asks the Court to grant leave to amend her complaint.

Respectfully Submitted,

Kristin J. Hilton
106 Clear Lake Circle
Sanford, Florida 32773
321-377-5525
hiltonkristin@yahoo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:12-cv-01176-GKS-DAB

KRISTIN J. HILTON,

    Plaintiff,

vs.

POLLACK & ROSEN, P.A.,
JOSEPH F. ROSEN,
MARK E. POLLACK,
MELANIE WESEMAN,
JOEL D. LUCOFF,
BRIAN BILODEAU,

    Defendants.
_____/

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to the party listed below on January 03, 2013, by certified mail number 7011 1570 0002 1984 2541.

Signed January 03, 2013

_Kristin J. Hilton_
Kristin J. Hilton

Brian Bilodeau, Attorney for the Defendants
c/o POLLACK & ROSEN, P.A.
800 Douglas Rd.
North Tower, Suite 450
Coral Gables, FL 33134