UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KRISTIN J. HILTON,

    Plaintiff,

v.                                              Case No. 6:12-cv-1176-Orl-18DAB

POLLACK & ROSEN, P.A., JOSEPH F.
ROSEN, MARK E. POLLACK,
MELANIE WESEMAN, JOEL D.
LUCOFF and BRIAN BILODEAU,

    Defendants.

## ORDER

THIS CAUSE comes for consideration on Plaintiff Kristin J. Hilton's Motion to Strike Defendant's [sic] Motion to Dismiss (Doc. 35) to which Defendants Pollack & Rosen, P.A., Joseph F. Rosen, Mark E. Pollack, Joel D. Lucoff, and Melanie Weseman (collectively "Defendants") responded in opposition (Doc. 36). On December 4, 2012, Defendants filed, by means of the Court's CM/ECF system, a Motion to Dismiss Hilton's Second Amended Complaint. Because Hilton is not an attorney admitted to practice before this Court, she is ineligible to register for the CM/ECF system and does not receive notices of filings generated by CM/ECF. In the certificate of service attached to their Motion to Dismiss, Defendants state that they served to motion on Hilton by directly emailing it to her at the address listed on other documents Hilton has filed in this case.[1] Hilton states that she learned of Defendants' motion on December 19, 2012 while reviewing the case docket on PACER.

---

[1] Defendants also state that they served a copy of the motion on Hilton by way of U.S. Mail on December 20, 2012.

In any event, motions must be served as directed by the Federal Rules of Civil Procedure and this Court's Local Rules. Rule 5(c)(2)(E) of the Federal Rules of Civil Procedure provides for service of a motion by electronic means if the person receiving the motion has consented to receipt by electronic means. Hilton has not consented to service by electronic means.[2] Therefore, Defendants failed to properly serve their motion on Hilton.

On January 4, 2013, Hilton filed a response in opposition to Defendants' motion. (See Doc. 37.) Hilton's response evidences that she has received a copy of Defendants' motion and had a meaningful opportunity to respond to it. Therefore, rather than strike Defendants' motion, which would most likely result in Defendants refiling an identical copy, the Court deems Hilton's response as timely filed.

Accordingly, Plaintiff Kristin J. Hilton's Motion to Strike Defendant's [sic] Motion to Dismiss (Doc. 35) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on this ___7___ day of January, 2013.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] The Court will not require Hilton to accept service by electronic means as requested by Defendants. If she deems it appropriate, Hilton may consent to receive service by electronic means as provided by Rule 5(c)(2)(E) of the Federal Rules of Civil Procedure.