FILED

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

2013 JAN 30 AM 11:39

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**KRISTIN J. HILTON**
*Plaintiff,*

vs

**POLLACK & ROSEN, P.A.**
**JOSEPH F. ROSEN, FBN 308781**
**MARK E. POLLACK, FBN 175422**
**MELANIE WESEMAN, FBN 506451**
**JOEL D. LUCOFF, FBN 192163**
**BRIAN BILODEAU, FBN 632635**
*Defendants,*

Case No. 6:12-cv-1176

Judge: G. KENDALL SHARP

Trial by Jury Demanded

## THIRD AMENDED COMPLAINT FOR VIOLATIONS OF THE FDCPA and FCCPA

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. §1692k(d) and 28 U.S.C §1331.

2. This court has supplemental jurisdiction for the state claims pursuant to 28 U.S.C. §1367(a).

3. All conditions precedent to the bringing of this action have been performed.

### PARTIES

4. The Plaintiff in this lawsuit is KRISTIN J. HILTON, a natural person, who resides in Seminole County, Florida and is a "consumer" defined by FDCPA, 15 U.S.C. §1692a(3) and FCCPA 559.55(2).

5. POLLACK & ROSEN, P.A. (hereinafter P&RPA) is a Law Firm located in Coral Gables, Florida whose primary business is debt collection and litigation and who at all relevant times was engaged, by the use of the mail and/or telephone in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) and FCCPA 559.55(1).

6. P&RPA uses instrumentalities of interstate commerce or the mail in a business the principal purpose of which is the collection of any debts, and/or regularly collects debts or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

7. Defendant P&RPA is a "debt collector" as defined by 15 U.S.C. §1692a(6) and FCCPA 559.55(6).

8. JOSEPH F. ROSEN (ROSEN) FBN 308781 is a principal in the law firm P&RPA and is a "debt collector" as defined by 15 U.S.C. §1692a(6) and FCCPA 559.55(6) and who at all relevant times was engaged by the use of mail and/or telephone in the business of collecting a "debt" from Plaintiff as defined by 15 U.S.C. §1692a(5) and FCCPA 559.55(1).

9. ROSEN uses instrumentalities of interstate commerce or the mail in a business the principal purpose of which is the collection of any debts, and/or regularly collects debts or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

10. MARK E. POLLACK (POLLACK) FBN 175422 308781 is a principal in the law P&RPA and is a "debt collector" as defined by 15 U.S.C. §1692a(6) and FCCPA 559.(6) and who at all relevant times was engaged by the use of mail and/or

telephone in the business of collecting a "debt" from Plaintiff as defined by 15 U.S.C. §1692a(5) and FCCPA 559.55(1).

11. POLLACK uses instrumentalities of interstate commerce or the mail in a business the principal purpose of which is the collection of any debts, and/or regularly collects debts or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

12. MELANIE WESEMAN (WESEMAN) FBN 506451 is an attorney licensed in the State of Florida and is an employee of P&RPA who at all relevant times was engaged by the use of mail and/or telephone in the business of attempting to collect a "debt" from Plaintiff as defined by 15 U.S.C. §1692a(5) and FCCPA 559.55(1).

13. WESEMAN uses instrumentalities of interstate commerce or the mail in a business the principal purpose of which is the collection of any debts, and/or regularly collects debts or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

14. JOEL LUCOFF (LUCOFF) FBN 192163 is an attorney licensed in the State of Florida and is an employee of P&RPA who at all relevant times was engaged by the use of mail and/or telephone in the business of attempting to collect a "debt" from Plaintiff as defined by 15 U.S.C. §1692a(5) and FCCPA 559.55(1).

15. LUCOFF uses instrumentalities of interstate commerce or the mail in a business the principal purpose of which is the collection of any debts, and/or regularly collects debts or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

16. BRIAN BILODEAU (BILODEAU) FBN 632635 is an attorney licensed in the State of Florida and is an employee of P&RPA who at all relevant times was engaged by the use of mail and/or telephone in the business of attempting to collect a "debt" from Plaintiff as defined by 15 U.S.C. §1692a(5) and FCCPA 559.55(1).

17. BILODEAU uses instrumentalities of interstate commerce or the mail in a business the principal purpose of which is the collection of any debts, and/or regularly collects debts or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

## VENUE

18. The occurrences which give rise to this action occurred in Seminole County, Florida and Plaintiff resides in Seminole County, Florida.

19. Venue is proper in the Middle District of Florida, Orlando Division.

## GENERAL ALLEGATIONS

20. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than the Defendants.

21. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than the Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than the Defendants.

22. REDLINE RECOVERY SERVICES, LLC (REDLINE) sent the plaintiff a collection notice on January 10, 2011 for an alleged debt of $5324.78, alleged

to be owed to DISCOVER PRODUCTS INC. and stated they would settle for one half of that amount, or $2662.39.

23. Plaintiff sent a dispute and cease and desist from collection and demand for validation of the alleged debt to REDLINE in letter dated February 6, 2011, sent certified mail # 7010 0290 0000 6941 2698.

24. Plaintiff did not receive a response from REDLINE.

25. Plaintiff then received a collection notice from P&RPA on November 17, 2011 for an alleged credit card debt to be owed to Discover Bank, a separate entity, but with the same account number and with the same amount that was demanded by REDLINE in the amount of $5,324.78, signed by ROSEN.

26. Plaintiff sent a dispute and cease and desist from collection and demand for validation of the alleged debt to P&RPA in a letter dated December 16, 2011 sent certified mail # 7010 0290 0000 6938 5565. (See Exhibit 1)

27. Defendant ROSEN mailed a letter to the Plaintiff dated December 29, 2011 which stated, in part, "a debt collector is not required to provide any of the documents you requested", admitting that they are a debt collector. (See exhibit 2)

28. Defendant P&RPA then sued the Plaintiff in Seminole County Court, Case No. 12-CC-1798-20-S on behalf of Discover Bank in the amount of $5324.78 dated May 21, 2012. There was no agreement attached to the complaint to demonstrate that the amount of $5324.78 is true and correct. The complaint was signed by ROSEN, Defendants P&RPA and ROSEN continued collection activity without proper validation of the alleged debt and misrepresented the character and amount of the alleged debt, both violations of the FDCPA.

29. Plaintiff sent a letter titled "notice of pending lawsuit" to P&RPA dated July 2, 2012, sent certified mail # 7011 0110 0001 0505 8853, trying to resolve this matter, but did not receive any response from P&RPA.

30. Plaintiff sent a follow-up letter to P&RPA, dated July 17, 2012 and sent certified mail #7011 0110 0001 0505 8860, again trying to mitigate the damages before proceeding to Federal Court, and again received no response.

31. Plaintiff then received a Motion for Summary Judgment on behalf of Discover Bank in Seminole County Court, Case No. 12-CC-1798-20-S from WESEMAN for the amount of $5324.78 dated September 14, 2012, again nothing was entered into the record to demonstrate that the amount is true and correct. The actions by Defendants P&RPA and WESEMAN, by continuing collection activity without providing proper validation of the alleged debt and misrepresenting the character and amount of the alleged debt are violations of the FDCPA.

32. On October 1, 2012 Defendants LUCOFF and BILODEAU filed discovery into the state case in Seminole County Court Case No. 12-CC-1798-20-S on behalf of MIDLAND FUNDING, LLC, a totally separate entity than Discover Bank. The discovery documentation had both LUCOFF and BILODEAU's names on it, and the signature was illegible, leaving the Plaintiff unsure as to who sent this document. Actions by P&RPA, LUCOFF, and BILODEAU violate the FDCPA and the FCCPA.

33. On October 25, 2012 Plaintiff sent an e-mail to LUCOFF telling him that the Plaintiff listed on the discovery was incorrect, and LUCOFF responded to the e-mail later that day saying he would correct the documents. (See exhibits 3 + 4)

34. Defendant BILODEAU then entered a Motion for Enlargement of Time, again on behalf of MIDLAND FUNDING, LLC as the Plaintiff, in the Seminole County Court Case No. 12-CC-1798-20-S on January 14, 2012, again having violated the FDCPA, with a multitude of violations, and violating the FCCPA.

35. At all relevant times to this action POLLACK, as a principal of P&RPA, was aware of, or should have been aware of, the actions taken by ROSEN and P&RPA and is liable in all respects for damages incurred by Plaintiff as a result of their actions.

36. POLLACK had a duty to oversee the actions of other partners, principals, and employees of P&RPA to assure they did not violate any state or federal statutes or laws and POLLACK breached said duty by failing to do so.

## COUNT I

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANTS P&RPA, JOSEPH F. ROSEN, MARK E. POLLACK, MELANIE WESEMAN, JOEL D. LUCOFF and BRIAN BILODEAU

37. Paragraphs 1 through 36 are re-alleged as though fully set forth herein.

38. Defendants P&RPA, ROSEN, POLLACK, WESEMAN, LUCOFF, and BILODEAU violated the FDCPA.

Defendant's violations include, but are not limited to, the following:

(a.) Defendants P&RPA, ROSEN, POLLACK, WESEMAN, LUCOFF and BILODEAU violated 15 U.S.C. §1692e(2) by the false representation of character, amount, or legal status of the debt.

(b.) Defendants P&RPA, ROSEN, POLLACK, WESEMAN, LUCOFF and BILODEAU violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any

    debt or to obtain information concerning a consumer. There is no first hand fact knowledge attached to the complaint that would represent the alleged debt.

    (c.) Defendants P&RPA, ROSEN, POLLACK, WESEMAN, LUCOFF and BILODEAU violated 15U.S.C. §1692f(1) by attempting to collect any amount not authorized by the agreement creating the debt or permitted by law. Plaintiff was never provided an agreement.

    (d.) Defendants P&RPA, ROSEN, POLLACK, WESEMAN, LUCOFF and BILODEAU violated 15 U.S.C. §1692g(b) by continuing to collect a debt without having first provided validation of the debt, after receiving a written communication from the Plaintiff disputing the debt.

WHEREFORE, Plaintiff demands judgment for damages <u>against each and every Defendant</u> for statutory damages of $1000.00, actual damages, as they may occur from Defendants obtaining a judgment in state court, pursuant to 15 U.S.C. §1692k, any attorney's fees, and costs.

## COUNT II

## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANTS P&RPA, ROSEN, POLLACK, WESEMAN, LUCOFF and BILODEAU

39. Paragraphs 1 through 36 are re-alleged as though fully set forth herein.

40. P&RPA, POLLACK, ROSEN, WESEMAN, LUCOFF and BILODEAU violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate. Again there is no factual evidence attached to the complaint, or provided to the Plaintiff through

validation, to substantiate the Defendants claim in the Seminole County Court Case No. 12-CC-1798-20-S.

WHEREFORE, Plaintiff demands judgment for damages <u>against each and every Defendant</u> for statutory damages of $1000.00, actual damages, as they may occur from Defendants obtaining a judgment in state court pursuant to Fla. Stat. §559.77, any attorney's fees, and costs.

Dated **January 30, 2013**

Respectfully Submitted,

*/s/ Kristin J. Hilton*
Kristin J. Hilton
106 Clear Lake Circle
Sanford, Florida 32773
321-377-5525
hiltonkristin@yahoo.com