UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:12-CV-1176-GKS-DAB

KRISTIN J. HILTON,

    Plaintiff,

vs.

POLLACK & ROSEN, P.A.,
JOSEPH F. ROSEN, MARK E.
POLLACK, JOEL D. LUCOFF,
MELANIE WESEMAN, and
BRIAN BILODEAU,

    Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS THIRD
AMENDED COMPLAINT WITH PREJUDICE**

Defendants, POLLACK & ROSEN, P.A., JOSEPH F. ROSEN, and MARK E. POLLACK, JOEL D. LUCOFF, and MELANIE WESEMAN by and through their undersigned counsel, pursuant to F.R.C.P. 12(b)(1) and (6) and Local Rule 3.01, respectfully move this Court to dismiss this action with prejudice for failure to state a claim upon which relief can be granted

**MEMORANDUM IN SUPPORT**.

**I.     INTRODUCTION**

Plaintiff filed this action on August 16, 2012, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692, et seq., and the Florida Consumer Collection Practices Act ("FCCPA"), §§559.72(9), Fla. Stat., claiming that the Defendants falsely misrepresented the character, amount, or legal status of a debt; that the Defendants used deceptive means to collect a debt; did not validate a debt; and attempted to enforce a debt that the Defendants knew was not legitimate.

Plaintiff's Complaint fails to state a claim upon which relief can be granted as there are insufficient facts to support the Plaintiff's claim that any of the Defendants violated either the FDCPA or FCCPA. In addition, Defendants Joseph F. Rosen and Mark E. Pollack are merely principals of Defendant, Pollack & Rosen, P.A. (P&R). Principals of a corporate entity are not liable merely because they are officers. Further, the Defendants properly validated the Plaintiff's debt under federal law.

Also, Plaintiff has plead a cause of action under the FCCPA. The only allegation by the Plaintiff in alleging a violation of the FCCPA is the filing of a state court action against Ms. Hilton, <u>Discover Bank v. Kristin Hilton</u>, Seminole County, Case No. 12-CC-1798-20-S (the "Collection Lawsuit").

In the Collection Lawsuit, the Defendants sought to collect money on behalf of its client, Discover Bank ("Discover"), which the Plaintiff owed to Discover on a past due Discover Bank credit card account.

As a matter of law, however, Defendants' actions in the Collection Lawsuit cannot form the basis of the Plaintiff's FCCPA claim. To the contrary, the law is clear that Florida's broad litigation privilege provides Defendants with absolute immunity for any acts occurring during the course of a judicial proceeding. Because Defendants' actions in connection with the Collection Lawsuit necessarily occurred during the course of a judicial proceeding, Plaintiff's FCCPA claim in this case fails to state a claim upon which relief may be granted and Plaintiff's Complaint must therefore be dismissed with prejudice as a matter of law.

## II.     BACKGROUND FACTS

### A.     Discover's Collection Lawsuit Against Plaintiff

According to the allegations of the instant Complaint, on May 12, 2012, Defendants, on behalf of Discover, initiated a Collection Lawsuit against the instant Plaintiff by filing a Complaint

against the Plaintiff (Complaint ¶28). Thereafter, on September 14, 2012, Defendants moved for summary judgment. (Complaint ¶31). Defendants, on October 1, 2012, then propounded discovery on the Plaintiff (Complaint ¶32). Defendants, on January 14, 2013, then moved for an extension of time to respond to Plaintiff's discovery (Complaint ¶34).

      B.      **Plaintiff's Lawsuit Against Defendants**

On January 30, 2013, the Plaintiff filed her Third Amended Complaint. The Plaintiff alleges that the above facts arising out of the Collection Lawsuit gave rise to ostensible violations of the FCCPA and FDCPA. (*See generally*, the Complaint). Plaintiff has incorporated paragraphs 1 through 36 of her Third Amended Complaint into Count II alleging a violation of the FCCPA. It is imperative to note, however, that 1) there is no requirement to validate a debt under the FCCPA and 2) the Collection Lawsuit serves as the only legitimate basis for Plaintiff's claims in this instant action.

The Plaintiff has asserted that Defendants' actions in the Collection Lawsuit allegedly constitute violations of the FCCPA. Specifically, the Plaintiff alleges that in the Collection Lawsuit P&R ostensibly violated: (1) FCCPA Fla. Stat. §559.72(9), because the Collection Lawsuit attempted to enforce a debt which Defendants allegedly knew was not legitimate (Complaint ¶28).

**III.**    **STANDARD OF REVIEW**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." F.R.C.P. 12(b)(6). A court may grant a motion to dismiss if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974, 550 U.S. 544, 570-71 (2007) (abrogating "no set of facts" standard set forth in Conley v. Gibson, 78 S.Ct. 99, 101-02, 355 U.S. 41, 45-46 (1957)). In making this determination, the Court must "accept the allegations in the complaint as true and must accept the allegations in the light most favorable to the plaintiff." Linder v. Portocarrero, 963 D.2d 332, 334 (11th Cir. 1992).

However, the Court should ignore those allegations that contain no more than opinions or legal conclusions. See <u>South Fla. Water Mgmt. Dist. v. Montalvo</u>, 84 F.3d 402, 409 n.10 (11th Cir. 1996); <u>Oxford Asset Mgmt., Ltd. v. Jaharis</u>, 297 F.3d 1182 (11th Cir. 2002).

Under the above standard, the Plaintiff's Third Amended Complaint fails to state a claim against Defendants upon which relief may be granted and the Complaint must therefore be dismissed with prejudice as a matter of law.

## IV. ARGUMENT

### A. Defendants Properly Validated the Plaintiff' Debt

Plaintiff sent by certified mail a dispute letter dated December 16, 2011 (Complaint ¶26 and Exhibit 1). Plaintiff then sent a letter dated December 29, 2011, to Plaintiff which stated that "a debt collector is not required to provide any of the documents you requested," (Complaint ¶27 and Exhibit 2). Plaintiff's letter to Defendant, Pollack & Rosen, P.A., required, among other things, notarized copies of various documents, notarized proof that Defendant, Pollack & Rosen, P.A., was authorized to collect the debt, as well as copies of various state and federal statutes. (Exhibit 1 to Third Amended Complaint). None of these requests are required to be provided by a debt collector to a consumer in response to a dispute of a debt.

Defendants' verification letter to the Plaintiff complied with the FDCPA. The letter lists the original creditor's name and address, the account number, the date the account was charged-off, and the balance at the time the account was charged-off. In fact, it cites <u>Clark v. Capital Collection & Credit Services, Inc.</u>, 460 F.3d 1162 (9th Cir. 2006). The Ninth Circuit, in <u>Clark</u>, held "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." <u>Clark v. Capital Collection & Credit Services, Inc.</u>, 460 F.3d at 1173-74 (*citing* <u>Azar v. Hayter</u>, 874 F.Supp. 1314, 1317 (N.D. Fla. 1995), *aff'd* 66 F.3d 342 (11th Cir. 1995), *cert. denied*, 516 U.S. 1048, 116 S.Ct. 712, 133 L.Ed.2d 666 (1996); <u>Lee</u>

v. Security Check, LLC, 2010 WL 3075673 (M.D. Fla. 2010) (*citing* Clark v. Capital Collection & Credit Services, Inc., 460 F.3d 1162 (9th Cir. 2006); Chaudhry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir. 1999) (*citing* Azar v. Hayter, 874 F.Supp. 1314, 1317 (N.D. Fla. 1995), *aff'd* 66 F.3d 342 (11th Cir. 1995), *cert. denied*, 516 U.S. 1048, 116 S.Ct. 712, 133 L.Ed.2d 666 (1996).

In the instant case, the only factual basis for Plaintiff's Complaint is that the Defendants ostensibly violated the FDCPA by filing and taking action in the Collection Lawsuit without properly verifying the Plaintiff's debt. (*See* Complaint). Specifically, the instant Plaintiff alleges only that the Defendants filed and maintained a lawsuit against the Defendant without properly verifying the debt. It is undisputed, as a matter of law, that the Defendants properly verified the Plaintiff's debt. As such, based on the rationale set forth in Clark, Azar, Lee, and Chaudhry, the Plaintiff's debt was properly verified and no violation of the FDCPA occurred. Therefore, as a matter of law, Plaintiff's FDCPA claim must be dismissed with prejudice.

**B.     Defendants are Immune From Liability for any Acts Committed During the Course of the Collection Lawsuit**

The Florida litigation privilege extends immunity to Defendants for "any act occurring during the course of judicial proceedings." Levin, et al. v. U.S. Fire Insur. Co., 639 So.2d 606, 608 (Fla. 1994). Applying "across the board to actions in Florida, both to common-law causes of action, those initiated pursuant to a statute, or of some other origin," the litigation privilege provides absolute immunity "'to any act occurring during a judicial proceeding ... so long as the act has some relation to the proceeding.'" Echevarria, et al. v. Cole, 950 So.2d 380, 384 (Fla. 2007)(*citing* Levin, et al., 639 So.2d at 608). The litigation privilege may be used by the court in resolving a motion to dismiss when "the complaint affirmatively and clearly shows the conclusive applicability to the defense to bar the action." Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1277 (11th Cir. 2004)(*citing* Reisman v. Gen. Motors Corp., 845 F.2d 289, 291 (11th Cir. 1988)).

Plaintiff's FCCPA claim arises solely from actions (the filing of pleadings and motions) which Defendants, on behalf of Discover Bank, took during the course of the Collection Lawsuit (Complaint ¶¶25-36). While basing her FCCPA claim on failing to properly verify a debt, Plaintiff alleges that Defendants' actions, on behalf of Discover Bank, in the Collection Lawsuit attempted to continue collection activity without proper validation of the alleged debt. (See Complaint ¶28).

All of Defendants' actions in the Collection Lawsuit as set forth in the Third Amended Complaint, however, necessarily occurred during the course of a judicial proceeding and are clearly related to such proceeding.[1] Defendants' conduct, therefore, fall squarely within Florida's broad litigation privilege. *See* Boca Investors Group, Inc. v. Potash, 835 So.2d 273 (Fla. 3rd DCA 2002), *aff'd* Echevarria, et al., 950 So.2d at 384 (litigation privilege barred claim for tortious interference that was premised on the filing of three lawsuits); McCorriston v. L.W.T., Inc., et al., 536 F.S.2d 1268 (M.D. Fla. 2008) (litigation privilege warrants dismissal of FCCPA claims premised on the filing of a collection suit after the expiration of the statute of limitations); Trent v. Mortgage Electronic Registration Systems, Inc., 681 F.S.2d 1356 (M.D. Fla. 2007) (finding that Echevarria precludes FCCPA claims based on communications made part of a foreclosure complaint); Pack v. Unifund CCR Partners, 2008 WL 686800 (M.D. Fla. 2008) (Court granted Unifund's motion to dismiss finding plaintiff's claims based on Unifund's filing of a collection lawsuit were barred by Florida's broad litigation privilege).

The Echevarria, McCorriston, Pack, and Trent cases are all directly on point and compel this Court to dismiss the Plaintiff's FCCPA claim against Deefndants. In Echevarria, the Florida Supreme Court held that Florida's litigation privilege precluded a consumer's claim against a debt collector for violations of the FCCPA arising out of the filing of a foreclosure lawsuit. Likewise, in McCorriston and Pack, Judge Whittemore of the United States District Court for the Middle

---

[1] The FCCPA, unlike the FDCPA, does not require verification of a debt.

District of Florida, Tampa Division, applied Florida's litigation privilege and dismissed consumers' claims against debt collectors for ostensible violations of the FCCPA.  Just as in the instant case, the consumers argued that the debt collectors' lawsuits violated the FCCPA because the lawsuits were, among other things, knowingly filed after the expiration of the statute of limitations.  The Middle District Court held that the filing of time-barred collection lawsuits fell squarely within Florida's litigation privilege, which operated to completely preclude the consumers' FCCPA claims against the debt collectors.

In Trent, Judge Corrigan, of the United States District Court for the Middle District of Florida, Jacksonville Division, also analyzed the application of the litigation privilege to FCCPA claims.  In reviewing the Florida Supreme Court's decision in Echevarria, Judge Corrigan concluded that the litigation privilege precludes an FCCPA claim based on communications made part of a complaint.

In 2011, the Third District Court of Appeal applied the litigation privilege and affirmed the lower court's order which granted a motion to dismiss with prejudice and barred an action for abuse of process.  LatAm Invs., LLC v. Holland & Knight, LLP, 88 So.3d 240 (Fla. 3rd DCA 2011).  The court held that because the acts complained of all occurred during and were related to a judicial proceeding, the litigation privilege applied to bar LatAm's cause of action against Holland & Knight for abuse of process.  *See also*, Am. Nat'l Title & Escrow of Fla v. Guarantee Title & Trust Co., 748 So.2d 1054, 1055 (Fla. 4th DCA 2000) (affirming the trial court's order granting summary judgment in favor of the law firm in an action for abuse of process on the basis of absolute immunity and on the authority of Levin).

Finally, just five months ago, the Eleventh Circuit Court of Appeals applied the litigation privilege to dismiss a claim for alleged violations of the FDUTPA arising out of a lawsuit.  Rolex Watch USA, Inc. v. Rainbow Jewelry, Inc. 2012 WL 4138028, 2012 U.S. Dist. LEXIS 133791, 3-5

(S.D. Fla. Sept. 19, 2012). In Rolex, the Eleventh Circuit Court of Appeals held that it was well settled that Florida's litigation privilege cloaks with absolute immunity "any act occurring during the course of a judicial proceeding ... so long as the act has some relation to the proceeding." Id. *citing* Echevarria, 950 So.2d 380, 383 (Fla. 2007). The Court thus held that the "decision to file a lawsuit 'clearly relates to a judicial proceeding and, therefore, cannot form the basis for a state-law claim in federal court.'" Id. *citing* Atico Int'l USA, Inc. V. Luv N' Care, Ltd., 2009 WL 2589148 at *3 n.5, 2009 U.S. Dist LEXIS 73540 (S.D. Fla. Aug. 19, 2009).

In the instant case, the only factual basis for Plainitff's Complaint is that Defendants ostensibly violated the FCCPA by filing and taking action in the Collection Lawsuit without properly verifying the instant Plaintiff's debt. (*See* Complaint). Specifically, the instant Plaintiff alleges only that Defendants, on behalf of Discover Bank, filed suit which constituted continued collection activity without proper verification of the alleged debt. It is undisputed, as a matter of law, that all such actions in the Collection Lawsuit "occurred during the course of a judicial proceeding" and were related to such proceeding. As such, based on the Florida Supreme Court's holding in Echevarria and the rationale set forth in McCorriston, Pack, Trent, LatAm Invs., and Rolex, Florida's litigation privilege operates as a complete bar of all of Plaintiff's claims against P&R. Therefore, as a matter of law, Plaintiff's FCCPA claim against Defendants must be dismissed with prejudice.

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's Third Amended Complaint with prejudice.

Respectfully submitted,

Melanie S. Weseman
*Attorney for Defendant*s
Fla. Bar No.   506451
806 Douglas Rd., Suite 200
Coral Gables, FL 33134
Tel:     305-448-0006
Fax:     305-569-0101
melaniew@pollackrosen.com


By:     s/Melanie S. Weseman
        MELANIE S. WESEMAN

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:12-CV-1176-GKS-DAB

KRISTIN J. HILTON,

    Plaintiff,

vs.

POLLACK & ROSEN, P.A.,
JOSEPH F. ROSEN, MARK E.
POLLACK, JOEL D. LUCOFF,
MELANIE WESEMAN, and
BRIAN BILODEAU,

    Defendants.
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 25, 2013, I filed the foregoing document with the Clerk of Court. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                  s/ Melanie S. Weseman
                                  MELANIE S. WESEMAN, ESQ.
                                  Fla. Bar No.   506451

## SERVICE LIST

Kristin Hilton
106 Clear Lake Cir.
Sanford, FL 32773
Tel:   321-377-5525
hiltonkristin@yahoo.com

Via transmission of Notices of Electronic Filing generated by CM/ECF and regular U.S. Mail